# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

DE'SHAUN POSEY,              )
                             )
        Petitioner,          )
                             )
    vs.                      )   Case No. 12-1390-CV-W-HFS-P
                             )
MICHAEL BOWERSOX,            )
                             )
        Respondent.          )

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2008 convictions and sentences for first degree robbery, sodomy, and armed criminal action, which were entered in the Circuit Court of Jackson County, Missouri. Petitioner raises two grounds for relief: (1) his guilty plea was not knowingly and voluntarily entered because he thought the maximum sentence would be fifteen years, not the twenty-three years he received; and (2) he received ineffective assistance of post-conviction counsel. Respondent argues that both grounds for relief are without merit. Doc. No. 11, pp. 2-6.

In order to obtain relief in federal habeas corpus, petitioner "must show 'actual ineffectiveness' as defined in Strickland v. Washington, 466 U.S. 668, 687 (1984), and that he 'pleaded guilty as a direct consequence of his counsel's erroneous advice and. . . but for this advice, the outcome of the plea process would have been different.'" Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992) (citing Garmon v. Lockhart, 938 F.2d 120 (8th Cir.1991)). To show prejudice in such a case, petitioner must establish with "reasonable probability" that he would not have entered a guilty plea and would have insisted on going to trial had counsel been effective. Hill v. Lockhart,

474 U.S. 52, 58-59 (1985). Petitioner's representations at the guilty plea hearing carry a strong degree of verity and pose "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73 (1977).

"[A] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" Weeks v. Bowersox, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting Blackledge v. Allison, supra at 71), cert. denied, 522 U.S. 1093 (1998)).

Petitioner has failed to proffer clear and convincing evidence that his guilty plea was not voluntary, knowing, and intelligent. See Hunter v. Bowersox, 172 F.3d 1016, 1022 (8th Cir. 1999), cert. denied, 528 U.S. 1140 (2000). At his guilty plea hearing, petitioner responded that he understood that he could get sentences up to 23 years to run concurrently for all counts. Respondent's Exhibit A, pp. 38-39. Although petitioner's guilty plea counsel testified at the Rule 24.035 hearing that she told petitioner that she "was fairly confident that the sentence probably would fall between 15 and 18 years based on what the other two co-defendants got," she did not promise petitioner that was what he would get. Respondent's Exhibit E, pp. 5-7. Petitioner admitted at his Rule 24.035 hearing that his guilty plea counsel had told him that he could get a sentence up to twenty-three years concurrently. Respondent's Exhibit E, pp. 5-7. Petitioner testified under oath at his guilty plea that he understood that the judge could sentence him up to 23 years and that no

2

other promises had been made to him. Respondent's Exhibit A, pp. 38-41 Therefore, petitioner has failed to provide sufficient evidence necessary to rebut the state court's finding that petitioner's attorney made no promises regarding the length of petitioner's sentences.

The record clearly establishes that petitioner understood the range of punishment and that the circuit court would determine his sentence, not his attorney. The state circuit court specifically instructed him on the range of punishment and that he could be sentenced anywhere within that range. Respondent's Exhibit A, pp. 36-42. It was unreasonable for petitioner to expect a 15-year sentence based on guilty plea counsel's statement that she "had a very strong belief that he would not get 23" and that she was "fairly confident that the sentence would probably fall between 15 and 18 based on what the other two co-defendants got" when she did not actually promise him that he would get no more than 18 years. Respondent's Exhbit B, p.14; Respondent's Exhibit E, p. 6. See Matteson v. Bowersox, 2007 WL 1876472, No. 4:06CV1605 CDP (E.D. Mo. June 26, 2007) (counsel's mere prediction of a sentence a court would impose did not constitute coercion rendering the guilty plea involuntary).

Moreover, petitioner has failed to establish that, but for his counsel's statement that his sentence would "probably fall between 15 and 18 [years]," petitioner would have rejected the plea bargain and proceeded to trial. Petitioner merely stated that he "hoped it would be less than that [23 years]." Respondent's Exhibit B, p. 8. At is Rule 24.035 hearing, petitioner admitted "in both the sex offense and robbery cases that he gave videotaped confessions and written statements to the police; [that] DNA was taken from the victim in the sex offense case that matched [petitioner's] DNA]; [that] the victim in the sex offense case positively identified [petitioner] as one of her attackers; and that "the State had approached [petitioner's] co-defendants about testifying against

3

him" if he went to trial.  Respondent's Exhibit E, p. 8; see also Respondent's Exhibit B, p. 7. Petitioner's responses at his guilty plea hearing demonstrate that he understood the alternatives open to him and chose to plead guilty to avoid a jury trial.  See North Carolina v. Alfred, 400 U.S. 25, 31 (1970).  Petitioner has not demonstrated that counsel was ineffective or misled him into pleading guilty against his will or better judgment.  The state court's rejection of petitioner's claim was not unreasonable in light of the facts of this case or in light of clearly established federal law.  See 28 U.S.C. § 2254(d)(1) and (2).  Ground 1 will be denied.

As for Ground 2, it is not cognizable in this Court because ineffective assistance of state post-conviction counsel cannot be a substantive ground for relief under either 28 U.S.C. § 2254(i) or Martinez v. Ryan, 132 S. Ct. 1309, 1318-1319 (2012).   A contrary determination would violate Teague v. Lane, 489 U.S. 288 (1986).  Moreover, post-conviction counsel reasonably presented petitioner's two sentencing claims in the amended Rule 24.035 motion, and the Rule 24.035 court found petitioner's pro se ineffectiveness of guilty plea counsel claims to be without merit. Respondent's Exhibit A, p. 137.  For the reasons discussed above in reviewing Ground 1, petitioner has failed to demonstrate that he was prejudiced by guilty plea counsel's advice.  Ground 2 will be denied, and this petition will be dismissed with prejudice.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right."  To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied.  See 28 U.S.C. § 2254, Rule 11(a).

4

Accordingly, it is **ORDERED** that:

(1) this petition for writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

                                                  /s/ Howard F. Sachs  
                                                  HOWARD F. SACHS  
                                                  UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  June 4, 2013 .